UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER ENRIQUE TORRES-TREMINIO (A# 240-221-909),<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | No.  1:26-cv-02423 DC SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

On April 14, 2026, respondent filed a motion to dismiss the petition as moot on account of petitioner's deportation.  ECF No. 7.  After the undersigned requested additional documentation of petitioner's removal, ECF No. 9, respondent submitted evidence that petitioner was deported to Nicaragua on April 11, 2026, pursuant to a final order of removal issued by an immigration judge on April 14, 2023.  ECF No. 10-1 at 1.

"As required by Article III, courts may adjudicate only actual cases or controversies." Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1157 (9th Cir. 2007) (citing U.S. Const. art. III, § 2, cl.1).  In light of petitioner's removal from the United States, the undersigned agrees that his habeas petition, which challenged his "ongoing, prolonged" immigration detention under the Due

1

Process Clause of the Fifth Amendment, ECF No. 1 at 16-17, is moot.  See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").  Accordingly, the undersigned recommends that respondent's motion to dismiss be granted.

In the motion to dismiss, respondent made no attempt to reconcile petitioner's deportation on April 11, 2026, with the undersigned's April 6, 2026, order that he not be transferred outside of this judicial district.  ECF No. 8.  However, a review of respondent's evidence shows that petitioner was scheduled to fly to Harlingen, Texas on March 30, 2026, in preparation for his removal to Nicaragua.  ECF No. 10-1 at 2.  Thus, it appears that petitioner was already outside of this judicial district at the time the "no transfer" order was entered.  Although respondent did not violate the order, going forward, respondent's counsel shall promptly inform the Court should a habeas petitioner no longer be detained within the boundaries of the district.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.      Respondent's motion to dismiss (ECF No. 7) be GRANTED;

2.      Petitioner's (A# 240-221-909) petition for writ of habeas corpus be DISMISSED; and

3.      Petitioner's motion to appoint counsel (ECF No. 3) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 8, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE